UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORTHERN INSURANCE COMPANY<br>OF NEW YORK, as subrogee of<br>GREGORY MAKSIMUK,<br><br>    Plaintiff,<br><br>    v.<br><br>SILVERTON MARINE CORPORATION,<br><br>    Defendant. | No. 10 CV 345<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff Northern Insurance Company of New York ("Northern"), subrogee of Gregory Maksimuk ("Maksimuk"), brings this action against Defendant boat seller and manufacturer Silverton Marine Corporation ("Silverton") to recover $219,573.34 in damages to a motor yacht insured by Northern. The claims alleged by Northern include: (1) strict liability; (2) negligence; (3) breach of contract; and (4) breach of warranty. For the following reasons, Defendant's motion to dismiss is granted.

## I.  BACKGROUND

This case involves the sudden ruin of "Triple Itch," a 35-foot motor yacht owned by Maksimuk. According to Plaintiff, on September 6, 2007, a fire originated between the yacht's bedroom and exterior walls at the location of the shore power connection. Plaintiff maintains that the fire was caused by a defective connection between the internal motor yacht wiring and its shore power receptacle. The vinyl and polyurethane foam walls allowed for the rapid spread of the fire throughout the remainder of the bedroom. The fire left the yacht "virtually entirely destroyed."

Prior to the fire, Maksimuk had purchased a policy from Northern to insure Triple Itch against property damage. The policy was in full force and effect at the time of the fire, and after the incident, Northern paid Maksimuk $258,969.34, the value of the yacht. The salvage value of Triple Itch was $39,396.00. Northern now seeks to recover the remaining $219,573.34. Northern alleges the following counts against Silverton: (1) strict liability; (2) negligence; (3) breach of contract; and (4) breach of warranty.

## II. STANDARD OF REVIEW

A Motion to Dismiss under Rule 12(b)(6) requires that I analyze the legal sufficiency of the complaint, and not the factual merits of the case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir.1998). I must take all facts alleged in Plaintiff's complaint as true and draw all reasonable inferences from those facts in favor of Plaintiff. *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir.1992). Plaintiff, for its part, must do more than solely recite the elements for a violation; it must plead with sufficient particularity so that its right to relief is more than a mere conjecture. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must plead its facts so that, when accepted as true, they show the plausibility of its claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Plaintiff must do more than plead facts that are "consistent with Defendant's liability" because that only shows the possibility, not the plausibility, of their entitlement to relief. *Id.* (internal quotations omitted).

**III. DISCUSSION**

Defendant moves to dismiss Plaintiff's complaint in its entirety. According to Defendant, Counts I and II are barred by the economic loss doctrine,[1] and Counts III and IV fail to state a claim. I will discuss each argument in turn. For the following reasons, Defendant's motion to dismiss is granted.

**A. Economic Loss Doctrine**

Defendant argues that the economic loss doctrine first articulated in *Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill.2d 69, 435 N.E.2d 443 (Ill. 1982), bars Counts I & II. In that case, the Court held that where only the defective product is damaged, resulting economic losses could not be recovered in tort. *Id.* at 450. However, the Court did suggest an exception to this rule: namely, where the damage to the defective product resulted from a "sudden or dangerous occurrence" that posed a serious threat of harm to people or property. *Id.* Fifteen years later, and in light of the Supreme Court's holding in *East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858 (1986), the Illinois high court modified the doctrine and rejected a "sudden and calamitous occurrence" exception. *Trans States Airlines v. Pratt & Whitney Canada, Inc.*, 177 Ill.2d 21, 41-42, 682 N.E.2d 45, 54-55 (Ill. 1997). Under the law of the state of Illinois, there can be no tort recovery for damage to the defective product as a result of such an event.

In this case, Plaintiff alleges no personal injury or damage to property other than the yacht. In fact, Plaintiff responds that the fire and damage were confined to the yacht itself. But

---

[1] Defendant initially asserted a statute of limitations bar to Counts I and II, but withdrew the argument in its reply brief.

under *Trans States*, Plaintiff cannot recover for economic losses where only the defective product is damaged. Plaintiff relies on *Moorman's* "sudden or dangerous occurrence" exception, arguing that the fire posed a danger to surrounding property; however, Plaintiff fails to consider the superseding precedent. In light of the holding in *Trans States*, Defendant's motion to dismiss Counts I and II is granted.

**B. Breach of Contract**

Defendant argues that Plaintiff has failed to state a breach of contract claim. To properly plead a breach of contract claim under Illinois law, "a plaintiff must make allegations raising an inference that: (1) a contract with definite and certain terms existed between the parties; (2) the plaintiff performed its obligations under the contract; (3) the defendant breached its obligations under the contract; and (4) the plaintiff suffered damages as a result." *Von Der Ruhr v. Immtech Intern., Inc.*, 326 F. Supp.2d 922, 926 (N.D. Ill. 2004) (citation omitted). Plaintiff fails to allege the existence of a contract, performance of the contract, or breach of any terms. In fact, in its response to Defendant's motion, Plaintiff concedes that Maksimuk was not in privity with Defendant. For these reasons, Defendant's motion to dismiss Count III is granted.

**C. Breach of Warranty**

Defendant contends that Plaintiff has failed to state a claim for breach of either an express or implied warranty. To state a claim for breach of express warranty, a plaintiff must state the terms of the warranty or attach it to the complaint. *Smith v. BOC Group*, No. 00 C 7909, 2001 WL 477237, at *5 (N.D. Ill. May 4, 2001) (citing *Board of Educ. of Chi. v. A, C & S, Inc.*, 131 Ill.2d 428, 460-61, 546 N.E.2d 580, 595 (Ill. 1989)). Failure to do so "renders the claim invalid." *Id.* (citing *Board of Educ.*, 131 Ill.2d at 461, 546 N.E.2d at 595). In this case, Plaintiff has

neither attached a warranty nor stated the terms of a warranty. Furthermore, privity of contract is required to enforce an express warranty where economic loss is alleged. *Collins Company, Ltd. v. Carboline Company*, 837 F.2d 299, 301 (7th Cir. 1988). Here, Plaintiff does not allege Maksimuk's privity with Defendant, and its claim fails for this reason. In its response, Plaintiff explains that it does not know the specific terms of the warranty, nor the precise date of purchase by Maksimuk. Plaintiff does suspect that the purchase contract (which it cannot locate at present) contains "a twelve month express written warranty which expired shortly before the occurrence at issue." But without stating at least the terms, Plaintiff has failed to state a claim for breach of express warranty. Moreover, Plaintiff concedes that any warranty that might have been in place expired prior to the occurrence at issue. Under Illinois law, a plaintiff cannot bring an action for breach of express warranty when the complained of defect manifests after the warranty's expiration. *Tokar v. Crestwood Imports, Inc.*, 177 Ill. App. 3d 422, 430-33, 532 N.E.2d 382, 387-89 (Ill. App. 1988).

To the extent that Plaintiff alleges breach of an implied warranty, its claim also fails. "Under the law of Illinois, privity of contract is a prerequisite to recover economic damages for breach of implied warranty." *Voelker v. Porsche Cars North America, Inc.*, 353 F.3d 516, 525 (7th Cir. 2003) (citing *Rothe v. Maloney Cadillac, Inc.*, 119 Ill.2d 288, 292, 518 N.E.2d 1028, 1029-30 (Ill. 1988)). Again, Plaintiff does not allege Maksimuk's privity with Defendant, rendering the claim invalid. Plaintiff does suggest that the implied warranty of habitability, which does not require privity and allows a plaintiff to bring a suit "within a reasonable time," should be extended to apply here, where the occurrence that is the subject of this suit admittedly took place after the expiration of any express warranty that might have been in force. However,

Plaintiff cites no authority for such an extension. Moreover, it seems unlikely that the policy underlying the implied warranty of habitability would be applicable here. *See VonHoldt v. Barba & Barba Const., Inc.*, 175 Ill.2d 426, 430-31, 677 N.E.2d 836, 838-39 (Ill. 1997). For these reasons, Plaintiff's breach of warranty claim must be dismissed.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is granted.

ENTER:

James B. Zagel
United States District Judge

DATE: June 23, 2010